UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81139-CIV-COHN/SELTZER

BENJAMIN HANKINSON, JAMES GUERRA,
JEANETTE GANDOLFO, individually and
on behalf of others similarly situated,

       Plaintiffs,

vs.  **CLASS ACTION**

R.T.G. FURNITURE CORP.,
d/b/a ROOMS TO GO,

       Defendant.
_____/

**ORDER ON PLAINTIFFS' MOTION TO COMPEL [DE 45]**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Compel Defendant R.T.G. Furniture Corp. ("RTG") to Produce Documents and Respond to Interrogatories, and Comply with ESI Protocol [DE 45]. Plaintiffs ask the Court to overrule certain objections to interrogatories and requests for production raised by R.T.G.[1]

This is a class action alleging violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201-.213, and unjust enrichment. Plaintiffs allege that RTG made material misrepresentations or omissions when selling upholstery protection plans ("FFPP") to customers and, in some cases, failed to apply the upholstery protection product that consumers purchased. In large part, the discovery matters in dispute arise from this case's status as a class action. Plaintiffs seek discovery related to Defendant's affiliates that do business online and in other states, which Defendant argues are not

---

[1] Plaintiffs also request an order requiring RTG "to provide search terms in order to locate electronically stored information ("ESI") consistent with the ESI protocol" stipulated by the parties [DE 41], but that request is moot as the parties report they have reached an agreement on that issue.

related to the claims brought against it.  Plaintiffs also seek discovery of the names and contact information of RTG's customers who purchased FFPP, which RTG argues are not relevant to the case at this stage of pre-class certification.  Finally, Plaintiffs seek information regarding sales quotas and incentives offered to RTG's sales force for selling FFPP, which information RTG contends is not relevant to whether misrepresentations were made, or whether RTG failed to apply the FFPP product when purchased.  In addition to arguing lack of relevancy, RTG contends that the disputed discovery requests are not proportional to the needs of the case.

> Rule 26(b), Federal Rules of Civil Procedure, permits discovery
>
> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy is determined based on the 'tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.' Fed. R. Evid. 401." Garcia v. Padilla, No. 2:15 CV 735 FTM 29CM, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016).  The Court has considered the Rule 26(b)(1) factors with respect to each of the discovery requests at issue.

### Discovery Related to Online and Out-of-States Affiliates

RTG has objected to responding to discovery requests directed at online and out-of-state affiliates.  RTG is a Florida corporation that does not own any subsidiaries or affiliates with stores outside of Florida or that sell any products outside of Florida. [DE 50-3].

2

Likewise, RTG does not operate a website and does not sell any products online.[2] [DE 50-3]. Thus, RTG contends that, to the extent Plaintiffs' discovery requests are directed at online and out-of-state affiliates, the discovery is neither relevant nor proportional to the needs of this case.

Plaintiffs argue that all of the RTG entities "appear to have a common parent located in Seffner, Florida" and that they have served RTG with interrogatories seeking to clarify the RTG corporate structure. Plaintiffs point to evidence that the online affiliate shares a customer service number with RTG and that invoices to different out-of-state affiliates are sent to a "Cost Center" located in Seffner, Florida, at the same address as the Defendant. Thus, Plaintiffs claim, evidence of sales and application practices from non-Florida affiliates would be relevant to whether class certification is appropriate.

The Court disagrees. At this stage of the proceedings, the three named Plaintiffs are Florida residents who purchased upholstery protection from a Florida corporation. Only the Florida corporation is named as a defendant. The cause of action is based upon Florida law. Nothing in the current posture of this action makes discovery from the out-of-state or online affiliates relevant to this case; furthermore, the information sought from the affiliates is not proportional to the needs of this Florida action. Plaintiffs' request to compel discovery from online and out-of-state affiliates is denied and RTG's General Objections Nos. 7 and 8, and Definitional Objection No. 5 are sustained.

---

[2]Although a Rooms to Go website does sell furniture online, the website is not owned or operated by the defendant named in this lawsuit.

Discovery of Customer Names and Contact Information

Plaintiffs' interrogatory number 2 asks for a list of customers (name and contact information) who purchased the FFPP upholstery protection plan from RTG. Plaintiffs allege that they have requested the customer lists to establish numerosity and ascertainability of the class, as well as to identify potential witnesses.

RTG objects on the grounds that the interrogatory is overly broad, unduly burdensome, and lacks relevancy and proportionality to the case. RTG further states that "[c]ustomer names and contact information have no bearing on the merits of Plaintiffs' individual claims or on the question of class certification. The request seeks confidential personal information regarding RTGs' customers that would be relevant, if at all, only if and after a class is certified."

RTG fears that Plaintiffs' counsel will use the customer contact information to solicit potential plaintiffs, rather than for any proper purpose. Discovery of class members' identities prior to class certification is not favored where plaintiffs' attorneys may be seeking the information to solicit new clients, rather than to establish the propriety of certification. Levine v. Gunter Motor Co. of Plantation, Inc., No. 10-61812-CIV, 2010 WL 5140590 (S.D. Fla. Dec. 9, 2010);  Dziennikv. Sealift, Inc. No. 05-cv-4659, 2006 WL 1455464, at *1-2 (E.D.N.Y. May 23, 2006).  RTG cites to the three Plaintiffs' testimony that they became involved in the litigation after learning about the allegations in the Complaint from persons associated with Plaintiffs' counsel's law firm. Plaintiffs deny seeking a customer list so as to find prospective class representatives.

RTG also argues that customers' names and contact information are unnecessary to establish class certification. Evidence regarding numerosity can be shown through the

4

data regarding total sales of fabric and leather protection that has already been produced by RTG.  Likewise, RTG has stipulated that it maintains information that identifies customers who have purchased the upholstery protection plans, so ascertainability is established.

Although Plaintiffs must establish numerosity and ascertainability of the class for it to be certified, the Court finds that the names and contact information of RTG's customers are not relevant or proportional to the needs of the case.  RTG has provided sales information and totals, which would be used to establish numerosity, and it has stipulated that it maintains records of its customers, so that class members can be ascertained.  Plaintiffs have not articulated a legitimate need for customer identities at this stage of the litigation; indeed, the names and addresses of the customers would add nothing to the argument for class certification. Therefore, RTG's objection to interrogatory number 2 is sustained, and Plaintiffs' Motion to Compel an answer to interrogatory number 2 is denied.

<u>Discovery of Information Regarding Salespersons, Sales Competition and Sales Quotas</u>

RTG objected to three interrogatories and six requests to produce seeking information about individual salespersons' sales of the upholstery protection products, as well as quotas, incentives, bonuses, and competitions run by RTG to promote FFPP sales.  Plaintiffs contend this information is necessary to establish that RTG employees engaged in deceptive acts or practices.  Plaintiffs also argue that RTG's high sales quotas for upholstery protection would establish that the resulting sales exceeded the factory's ability to apply the protection.  RTG disputes these contentions.  Additionally, RTG argues that it has  agreed to provide Plaintiffs with the materials used to train its sales people about

the upholstery protection program and, therefore, information about quotas and incentives to sell have no bearing on the issue of whether RTG's salespeople were encouraged to make misrepresentations.

The Court finds that sales information, counseling, and tracking of individual sales people are not relevant or proportional to the case. However, RTG's sales quotas, incentives, and competitions, related specifically to the FFPP upholstery protection plan, have some nexus to and bearing on the claims in this case. Indeed, as Rule 26(b) observes, "discovery need not be admissible in evidence to be discoverable." Accordingly, Plaintiffs' Motion to Compel will be granted as to Interrogatory Numbers 10 and 11, and Request to Produce Number 25. The Motion to Compel is denied as to Interrogatory Number 8, and Request to Produce Numbers 4, 7, and 27.

Documents Related to "Slamming"

Plaintiffs request all documents related to "slamming," which is defined as adding the FFPP upholstery protection plans to customer's purchases without their knowledge. RTG objects to this request because Plaintiffs' Complaint alleges the opposite of slammming; that is, RTG sales people made material misrepresentations and omissions in selling the FFPP package.

The Court agrees that this case is not about "slamming" and, therefore, the documents related to "slamming" are neither relevant nor proportional to the case. Plaintiff's Motion to Compel a response to Request to Produce Number 28 is denied. RTG's objection to Request to Produce Number 28 is sustained.

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel [DE 45] is **GRANTED IN PART and DENIED IN PART**. The Motion is granted as to interrogatory numbers 10 and 11 and Request to Produce number 25. RTG shall serve its responses within ten (10) days of the date of this Order. The Motion is denied as to all other interrogatories and requests to produce.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of March, 2016.

BARRY S. SELTZER
United States Magistrate Judge