UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81139-CIV-COHN/SELTZER

BENJAMIN HANKINSON, JAMES GUERRA,
JEANETTE GANDOLFO, LISA PALMER,
DONALD ANDERSON, CATHERINE LONG,
and LISA PRIHODA,  individually and
on behalf of others similarly situated,                    **CLASS ACTION**

         Plaintiffs,
vs.

R.T.G. FURNITURE CORP.,
d/b/a ROOMS TO GO, et al.,

         Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO DESIGNATE A REPRESENTATIVE FOR DEPOSITION ON CORPORATE STRUCTURE**

**THIS CAUSE** has come before the Court upon [DE 88] Plaintiffs' Motion to Compel Defendants to Designate a Representative for Deposition on Corporate Structure.   This is a class action lawsuit against R.T.G. Furniture Corporation d/b/a Rooms to Go (hereinafter "RTG"), and several related entities. The Court has considered and ruled upon this issue before, in a Paperless Order denying Plaintiffs' Motion to Compel answers to corporate structure interrogatories and granting Defendant's Motion for Protective Order for a corporate representative deposition on the topic of Defendants' corporate structure. [DE 82].

At the time of the Court's earlier Order, the case only involved persons who purchased fabric protection packages in Florida Rooms to Go stores; no affiliated entities were named as defendants.  However, Plaintiffs had sought leave to file a Second

Amended Complaint adding as plaintiffs persons who purchased fabric protection packages in other states and adding as defendants other affiliates of RTG.  In its May 2, 2016 Order, the Court noted that Plaintiffs would be permitted to revisit the issue of corporate structure discovery in the event the District Court permitted a Second Amended Complaint to be filed. [DE 82].  A Second Amended Complaint has now been filed naming additional entities as defendants [DE 86] and, as such, the Defendants' corporate structure is relevant to the issues and defenses in this case.

After the Second Amended Complaint was filed, RTG did provide an answer to the corporate structure interrogatory. However, Plaintiffs had previously served a 30(b)(6) Notice containing the following area of inquiry: "The corporate structure of R.T.G. Furniture Corp., as well as the corporate structure of its affiliates, parents, and subsidiaries." [DE 67-1].[1]  Plaintiffs move to compel RTG to provide a corporate representative to testify on the matter listed.

RTG objects to a 30(b)(6) deposition, arguing that information about the various Defendants' corporate structures has already been provided by interrogatory answer. RTG also contends that it would be overly burdensome to require it to prepare its corporate representative to provide testimony about the corporate structures of other Defendants, even though those Defendants and RTG are owned by common shareholders.

The Court finds that a 30(b)(6) deposition on the topic requested is not duplicative or overly broad or burdensome, and it is relevant to the issues and defenses in this case. The Court does note that Plaintiffs' Memorandum of Law [DE 88-1] seems to expand the

---

[1] Plaintiffs noticed other areas of inquiry in its 30(b)(6) Notice, but RTG only objects to inquiry about the corporate structure of RTG, its affiliates, parents and subsidiaries. [DE 93].

2

topics of inquiry beyond the scope of inquiry contained in their Notice of 30(b)(6) Depositions. [DE 67-1]. A corporate defendant is only bound to provide testimony on matters that are listed in the 30(b)(6) notice and that are "known or reasonably available" to the corporation. King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995). However, Rule 30(b)(6) does not limit questioning to those matters included in the notice; if matters outside the notice are raised, the witness is obligated to respond as though the deposition were being taken under the general discovery rules. "However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." Id. The corporation cannot be sanctioned if its corporate representative is not prepared to testify to matters not described in the notice. Id. In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Defendants to Designate Representative for Corporate Structure Deposition be and the same is **GRANTED.** The parties will schedule the 30(b)(6) deposition at a mutually agreeable time and place.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of July, 2016.

BARRY S. SELTZER
United States Magistrate Judge

copies furnished counsel via CM/ECF