IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-81139-COHN/SELTZER

BENJAMIN HANKINSON, JAMES
GUERRA, JEANETTE GANDOLFO, LISA
PALMER, DONALD ANDERSON, and LISA
PRIHODA, individually and on behalf of
others similarly situated,

    Plaintiffs,

vs.

R.T.G. FURNITURE CORP., d/b/a Rooms
To Go, RTG AMERICA, LLC, THE
JEFFREY SEAMAN 2009 ANNUITY
TRUST, RTG FURNITURE CORP. OF
GEORGIA, d/b/a Rooms To Go, ROOMS
TO GO NORTH CAROLINA CORP., d/b/a
Rooms To Go, RTG FURNITURE OF
TEXAS, L.P., d/b/a Rooms To Go, RTG
TEXAS HOLDINGS, INC., and R.T.G.
FURNITURE CORP. OF TEXAS,

    Defendants.

## SUPPLEMENTAL DECLARATION OF DOUGLAS J. MCNAMARA IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

I, Douglas J. McNamara, declare:

1. I am admitted *pro hac vice* in the above captioned case. I have practiced law since 1995. I am Of Counsel at Cohen Milstein Sellers & Toll, PLLC. I make this declaration upon personal knowledge as the lead litigator for Lead Counsel in this action and in *Triplett v. Rooms To Go North Carolina Corp. d/b/a Rooms to Go, et. al.*, Case No. 5:16-cv-926 (E.D.N.C.)

2. Since the Court preliminarily approved settlement in this case, I have been in frequent contact with claims administrator KCC regarding this settlement. I (along with members

1

of my firm) have worked with KCC and when needed, Defense Counsel for Rooms To Go, to answer questions about the litigation and resolve issues regarding the settlement. This has included providing suggestions to improve the call center scripts and the frequently asked questions; a means to handle incomplete claim forms; and options to locate claim numbers more quickly. Lead Counsel has also fielded many questions about the case and the settlement. This has increased the lodestar for Cohen Milstein by approximately $70,000. The summary details for this are attached hereto at Ex. 6, hereto.

3. KCC has also furnished me a status report on the settlement. Only 171 recipients have opted out of the settlement, and only four filed objections. The four objections are as follows: Linnette Joseph (Ex. 1); Sherry Hedstrom (Ex. 2); Trent Folse (Ex. 3) and Robert (Danny) Ramirez (Ex. 4).

4. Consistent with the settlement, Rooms To Go wishes to keep confidential the number of members included in the settlement and who received the notices. However, I can relate that number to the Court on December 15th. The rough percentage of opt outs is less than .01%; the objector percentage is below .001%.

5. I have had a chance to personally speak with all four of the objectors about their objections. They have all conveyed that they were acting without counsel. All indicated that they did not intend to attend the settlement hearing, or appeal a decision of this Court as to settlement.

6. On December 5, 2017, I spoke with Ms. Joseph, whose objection conveyed disappointment in the quality of her Rooms To Go furniture. She did not recall buying a fabric protection plan, as her late father purchased the furniture perhaps as far back as 2007. She stated the bed and dresser had issues with knobs falling off. She did

not recall ever contacting RTG about any warranty issues. She states that the leather sofa started developing some white spots, but did not contact RTG. I explained that the lawsuit was solely about the fabric protection plan, and not furniture quality. She conveyed her understanding, and agreed that if all that was at issue in this case was a refund related to the plan, she would actually like to participate in the settlement. A new claim form has been sent to her.

7. On November 16, 2017, I spoke to Ms. Hedstrom. She was unhappy with the settlement because it did not provide enough money to claimants, and thought it was wrong that $4M of the $13.5M set aside for the claimants was going to the lawyers. I explained that lawyers are to be paid not out the $13.5M, but separately from Defense Counsel if the settlement is accepted. I also explained why Plaintiffs settled at the 10% cash/45% voucher, in light of the expert valuation showing only about 9.5%-17% reduction in value, and the three-year warranty valued at about 50%. She stated she understood. She said she has filed a claim with KCC. KCC verified that to me. Ms. Hedstrom was also kind enough to email the attached note, attached hereto at Ex. 5.

8. On November 28, 2017, I spoke to Trent Folse. He was very upset about the fraud alleged in the complaint. He stated that he suspected no application of the protectant had been applied, and felt lied to by RTG when the furniture was delivered. He wanted a full refund of his furniture. I explained that he still got the furniture, and the three-year warranty, and the valuation report of our experts. Nevertheless, he wished to maintain his objection and ask that the Court require a refund of his entire purchase price of $1150. He has not filed a claim, nor does he intend to.

9. On September 28, 2017 I spoke to Robert Daniel Ramirez. Mr. Ramirez was very unhappy with RTG. He had suspected that despite paying for the fabric protection plans, his

3

furniture had not received an application as it arrived still in the original packaging. He disliked that he was told that the protectant was applied at the factory and dried up before packaging. He believes that RTG should refund all consumers 100% of the costs of the fabric protection plans, and pay for any damaged furniture due to the absence of the protectant. I explained to about our case, and how our own expert had figured on no better than a 10%-17% damage figure in light of the still valid three-year warranty. He was unmoved, and wished to maintain his objection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 5, 2017

Douglas J. McNamara