UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81139-CIV-COHN/SELTZER

BENJAMIN HANKINSON, et al.,
individually and on behalf of others
similarly situated,

    Plaintiffs,

vs.

R.T.G. Furniture Corp., d/b/a Rooms To
Go, et al.,

    Defendants,
_____/

## FINAL JUDGMENT AND ORDER

Plaintiffs have moved for final approval of the parties' proposed settlement, pursuant to Fed. R. Civ. P. 23.  See DE 208.  Defendants consent to the relief sought in plaintiffs' motion.  Having reviewed all matters and proceedings of record, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the parties' Settlement Agreement, including all exhibits thereto.  DE 203-1.  Unless otherwise provided herein, the terms as defined in the Settlement Agreement shall have the same meanings for purposes of this Final Order and Judgment.

    2.    The Court has personal jurisdiction over the Class Representatives, Settlement Class Members, and the Defendants for purposes of this settlement, and has subject matter jurisdiction to approve the Agreement.

3.     By Order of August 4, 2017, the Court certified the following Settlement Class:

> All Persons who purchased one or more ForceField Fabric or Leather Protection Plans from RTG (including all affiliates) in stores or online in the United States during the Class Period, excluding any ForceField Fabric or Leather Protection Plans that sold for $8.00 or less.

The Class Period ends on August 4, 2017, and the start dates vary by state, as set forth in the definition of Class Period in the Settlement Agreement.  The Settlement Class does not include any judges to whom this case is assigned, any member of the judge's immediate family, or the judge's staff or their immediate families.

4.     The Court hereby confirms its preliminary certification of this Settlement Class for purposes of granting final approval to the parties' Settlement, finding that this class meets each of the factors in Fed. R. Civ. P. 23(a) and (b)(3).

5.     The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order.  The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

6.     The only persons who timely excluded themselves from the Settlement Class in compliance with the Court's Preliminary Approval Order are listed at DE 211-1.

This Order of Final Approval and Judgment shall have no force or effect on those persons.

7. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

8. The Court preliminarily approved the proposed settlement by Order dated August 4, 2017.  DE 204.  After Class Notice, the Court conducted a final Fairness Hearing at which it considered any and all objections, along with the materials submitted by the parties in support of settlement approval.

9. The Court finds that the designated Class Representatives are appropriate and adequate representatives of the Settlement Class.  The Court has also considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

10. Pursuant to Fed. R. Civ. P. 23(e) and having considered the factors relevant to settlement approval,[1] the Court hereby finally **APPROVES** in all respects the Settlement set forth in the Settlement Agreement and finds that the Settlement and the Settlement Agreement are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class. The objections to the Settlement have been considered and are hereby **OVERRULED**.

11. The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Agreement.

---

[1] See, e.g., Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984)

12.     Upon the Effective Date of the Agreement, the Class Representatives, Class Counsel, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Released Persons (as defined in the Agreement)[2] from any and all Released Claims (as defined in the Agreement)[3].

13.     After the Effective Date, the Class Representatives, Settlement Class Members, and Releasing Persons and all of their successors in interest are hereby

---

[2] "Released Persons" means and includes R.T.G. Furniture Corp., RTG America, LLC, The Jeffrey Seaman 2009 Annuity Trust, RTG Furniture Corp. of Georgia, Rooms To Go North Carolina Corp., RTG Furniture of Texas, L.P., RTG Texas Holdings, Inc., R.T.G. Furniture Corp. of Texas, Retail Management Services Corp., Rooms To Go Louisiana Corp., Rooms To Go Tennessee Corp., Rooms To Go Alabama Corp., Rooms To Go Mississippi Corp., Roomstogo.com, Inc., any entity that does business as Rooms To Go in the United States, and their past and present direct and indirect owners, parents, subsidiaries, affiliates, and divisions; the past and present officers, directors, trustees, beneficiaries, members, shareholders, employees, representatives, partners, direct and indirect owners, parents, subsidiaries, affiliates, divisions, joint venturers, consultants, agents, independent contractors, attorneys, and insurers of all of the foregoing; and the predecessors, successors, assigns, and legal representatives of all of the foregoing.

[3] "Released Claims" means and includes any and all claims, damages, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, losses, or remedies of whatever kind or nature, whether foreseen or unforeseen, and whether known or unknown, that were or could have been asserted in this Action (Case No. 9:15-Cv-81139-Cohn/Seltzer) or the action styled *Kenny Lee Triplett v. Rooms To Go North Carolina Corp., d/b/a Rooms To Go, et al.*, Case No. 5:16-cv-926-FL, in the United States District Court for the Eastern District of North Carolina ("*Triplett*"), including, without limitation, claims based on, arising out of, or related directly or indirectly to any of the allegations, transactions, facts, matters or occurrences referenced in the complaints and amended complaints filed in those actions, including without limitation any and all claims arising from or related to (i) the marketing, advertising, purchase, offer to sell, or sale of any fabric or leather protection plans or goods, services, or warranties related to those plans or (ii) the application of any fabric or leather protectant. The Released Claims include any right or opportunity to claim, seek, or obtain restitution, disgorgement, injunctive relief, or any other benefit as a member of the general public, under California Business and Professions Code section 17200, et seq., or otherwise.  The parties further agree that they have been informed of and that they and the Settlement Class Members waive the benefits of California Civil Code section 1542 (and any and all other similar state statutes regarding the effectiveness of general releases).

permanently enjoined and forever barred from commencing, prosecuting, asserting or assisting in any proceeding in any court or other forum against any Released Person with respect to all matters within the scope of the Released Claims.

14. The Court further adjudges that upon the Effective Date, the Settlement Agreement, including the releases in that Agreement and described above, will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, the Class Representatives and each Settlement Class Member who does not submit a timely and valid request for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, or other representatives. Any of the Released Persons may file this Final Order of Judgment in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Final Order of Judgment in any way, the Court retains exclusive jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance

with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the injunction set forth above, and resolving all disputes arising from claims for payment under the Settlement.

16. Nothing in this Order of Final Approval and Judgment, the Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any defendant or Released Person.

17. For the reasons stated herein, the Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e).  The Court directs the Clerk of Court to **DENY AS MOOT** any pending motions, **CLOSE** this case, and enter this **FINAL JUDGMENT** incorporating the terms of this Order and dismissing this action **WITH PREJUDICE.**

18. Additionally, the Court hereby awards Plaintiffs' counsel an aggregate sum for attorneys' fees and expenses of $4,000,000.00. The Court finds the amount of attorneys' fees awarded herein is based upon a reasonable percentage of the fund established for the benefit of the Settlement Class and that the expenses awarded herein are reasonable and were necessarily incurred to achieve the benefit obtained.

19. The Court also hereby awards to each of the Hankinson class representatives service award payments of $3,500.00.  The Court finds the amount of the service awards is fair and reasonable based upon the time and effort committed to this litigation by the Hankinson class representatives.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of December, 2017.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF